**[ORAL ARGUMENT NOT YET SCHEDULED]**
No. 24-5246

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————

GARY SHAPLEY and JOSEPH ZIEGLER,

Putative Intervenors-Appellants,

v.

ROBERT HUNTER BIDEN,

Plaintiff-Appellee,

INTERNAL REVENUE SERVICE,

Defendant-Appellee.

On Appeal from the United States District Court for the District of Columbia,
No 1:23-cv-02711-RC (Judge Rudolph Contreas)

———————

**PLAINTIFF-APPELLEE ROBERT HUNTER BIDEN'S REPLY IN
SUPPORT OF HIS MOTION FOR SUMMARY AFFIRMANCE**

Abbe David Lowell
Christopher D. Man
Winston & Strawn LLP
1901 L Street, NW
Washington, DC 20036
Phone: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com
CMan@winston.com
*Counsel for Plaintiff-Appellee Robert Hunter Biden*

# TABLE OF CONTENTS

                                **Page**

ARGUMENT ............................................................................................... 3

 I.  This Is Not A Case Of First Impression ............................................ 3

 II.  The District Court Did Not Abuse Its Discretion In Denying The Motion To Intervene As A Matter Of Right ................................. 5

 III.  The District Court Did Not Abuse Its Discretion in Denying The Motion For Permissive Intervention ............................................. 7

CONCLUSION ........................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Czyzewski v. Jevic Holding Corp.*,
  580 U.S. 451 (2017)...........................................................................................5, 6

*Garcia v. Vilsack*,
  2014 WL 6725751 (D.C. Cir. Nov. 18, 2014)..................................................4

*Hudson v. Am. Fed'n Gov't Emps.*,
  No. 1:17-CV-1867 (D.D.C. Feb. 26, 2024).......................................................5

*Hudson v. Am. Fed'n Gov't Emps.*,
  No. 24-7077 (D.C. Cir. Sept. 18, 2024)..........................................................4, 5

*Jackson v. District of Columbia*,
  2000 WL 1013583 (D.C. Cir. July 19, 2000)...................................................3

*SEC v. Prudential Sec. Inc.*,
  136 F.3d 153 (D.C. Cir. 1998)........................................................................5, 6

*Shapley et al. v. Lowell*,
  No. 24-cv-2646-RJL (D.D.C. Sept. 13, 2024)..................................................1

*Sierra Club v. Van Antwerp*,
  523 F. Supp. 2d 5 (D.D.C. 2007)......................................................................8

*United States v. SBC Commc'ns, Inc.*,
  2009 WL 4912812 (D.C. Cir. July 31, 2009)...................................................4

*United States v. W. Elec. Co., Inc.*,
  1990 WL 45599 (D.C. Cir. Jan. 30, 1990) ......................................................2

**Statutes**

26 U.S.C. § 6103 .....................................................................................................7, 8

**Other Authorities**

Fed. R. Civ. P. 24 ...................................................................................................1, 5

Appellants' joint opposition brief sets up a classic strawman—arguing this appeal as a broad lament about the unfair nature and supposed "gravity of this case" (an action solely between Mr. Biden and the United States) but failing to demonstrate how on the actual requirements for intervention, and in the merits of its decision, the district court abused its discretion under Rule 24. There is nothing grave about the lower court's decision to exclude the agents from participating in this matter. In a thorough, well-reasoned 30-page opinion, the district court was clear that neither permissive intervention nor intervention as of right was proper here, and that this litigation is not the appropriate forum for the two agents to contest or "defend" their "rights." In fact, the agents created such a forum in a separate defamation suit *they* decided to file.[1] This Court should summarily affirm the district court's Order dismissing Appellants' Motion to Intervene as Intervenor-Defendants below.

Mr. Biden has demonstrated that the consideration and disposition of the agents' motion was thoroughly briefed and properly rejected by the district court.[2]

---

[1] As Mr. Biden noted (*see* Mot. at 7 n.4), the agents chose a different forum to litigate their concerns and perceived harms—the defamation lawsuit they filed against Mr. Biden's counsel, of which the lower court took judicial notice. *Shapley et al. v. Lowell*, No. 24-cv-2646-RJL (D.D.C. Sept. 13, 2024); *see also* Sept. 27, 2024 Order ("Order") at 24 (taking judicial notice of the lawsuit).

[2] The agents complain that Mr. Biden relies on case law that he did not cite in the district court. *See* Joint Opp'n. at 2 (citing *United States v. Western Elec. Co., Inc.*, 1990 WL 45599 (D.C. Cir. Jan. 30, 1990)). This is a *non sequitur* because in that case, the appellate court *summarily affirmed* the district court's denial of a motion to intervene, which is an appellate issue irrelevant to the briefing below. Providing a

1

The agents complain that Mr. Biden is seeking a "premature" order from this Court (Joint Opp'n. at 1, No. 2093885), yet an appellant will always argue that summary dismissal—a procedure specifically provided for in the rules and encouraged in certain circumstances—is "premature." *See* Handbook of Internal Practices and Procedures, United States Court of Appeals for the District of Columbia, VII.A. ("[p]arties are particularly encouraged to file dispositive motions where a sound basis exists for summary disposition").

The agents offer two main arguments, both of which fall flat. First, the agents argue that this is a case of first impression for which summary affirmance is not proper. Joint Opp'n. at 4. Yet the agents' only support for this argument is conflating the standard to mean a case with different facts, rather than a case that presents a new legal question. All cases of summary affirmance by nature have different facts; merely claiming "the gravity of this case and its unique circumstances" (*id.* at 4–5) does not satisfy the novel legal requirement.

Second, the agents assert the district court erred in denying their motion to intervene because an adverse ruling against the United States would cause them to suffer "grave consequence" (Joint Opp'n. at 7) and would not risk confusion of the issues. *Id.* at 9. But as the district court properly concluded, the "grave

---

supplemental case to support an appellate argument does not automatically render incomplete the record below.

2

consequences" (assuming any actually exist) posited by the agents are not enough to give them the right to intervene. Rather, they must identify some legally protected interest that would be impaired by the litigation, which they fail to do. The agents' disagreement with the district court about whether their intervention would risk confusing the issues does not establish that the district court abused its discretion in denying their request for permissive intervention under its considered analysis. And, again, for all the stated concern about their supposed interests at stake, the agents initiated their own lawsuit to pursue those.

Because the agents cannot show that the district court abused its discretion in denying their motion to intervene—either as of right or permissively—this Court should summarily affirm the Order below.

## ARGUMENT

### I. This Is Not A Case Of First Impression

The agents' case is not one of first impression because they are seeking to apply new facts to *existing* law, rather than seeking to break new legal ground. Their argument is based on the same legal analysis as many other cases this Court has considered where a putative intervenor claimed to have some right or protected interest in a case. *See Jackson v. District of Columbia*, 2000 WL 1013583, at *1 (D.C. Cir. July 19, 2000) (per curiam) (affirming district court's order denial of appellant's motion to intervene, finding appellant did not demonstrate a right to

3

intervention or that district court abused its discretion); *United States v. SBC Commc'ns, Inc.*, 2009 WL 4912812, at *1 (D.C. Cir. July 31, 2009) (per curiam) (affirming district court's order denying appellant's motion to intervene because appellant lacked standing); *Garcia v. Vilsack*, 2014 WL 6725751, at *1 (D.C. Cir. Nov. 18, 2014) (per curiam) (affirming district court's order denying appellant's motion to intervene as untimely, without standing, and on other grounds). This Court summarily affirmed the denial of motions to intervene as recently as September 2024. *Hudson v. Am. Fed'n Gov't Emps.*, No. 24-7077 (D.C. Cir. Sept. 18, 2024) (per curiam) (summarily affirming district court's order denying motion to intervene because appellant failed to show that the district court abused its discretion in denying motion for permissive intervention or intervention as a matter of right).

Rather than arguing that the cases cited by Mr. Biden are legally distinct, the agents simply point out perceived factual differences. Joint Opp'n. at 4–5 ("But not surprisingly, none of the cases cited by Biden even approaches the gravity of this case and its unique circumstances: two federal law enforcement agents are accused of violating federal law in a civil lawsuit brought by the son of the President…"). These arguments do not address the relevant standard has and have absolutely no bearing on whether they are entitled to relief. Although none of the cases Mr. Biden cited present the same factual scenario, as will always be the case, the motion presented the exact same *legal* question as the cases cited—putative intervenors'

4

claims that they should have been allowed to intervene in the district court under Rule 24.

For example, in *Hudson v. American Federation Government Employees*, the putative intervenor was the plaintiff's former attorney seeking to intervene under Rule 24 to pursue attorney's fees. There, just as in the case at hand, the district court denied the motion because the putative intervenor had "no 'interest relating to the ... transaction.'" No. 1:17-CV-1867, DE 351 at 2 (D.D.C. Feb. 26. 2024). The putative intervenor in *Hudson* also argued that the existing parties would not adequately represent her interest (as the two agents have argued here), but the district court concluded that even if she had an interest, "that interest has been adequately represented by [plaintiff] and his new counsel." *Id.* at 2. As the agents' bid to intervene presents no new legal issues, this is not a case of first impression.

## II. The District Court Did Not Abuse Its Discretion In Denying The Motion To Intervene As A Matter Of Right

The agents present no compelling argument as to why the district court abused its discretion in concluding that the agents have no standing to intervene as a matter of right under Rule 24(a). First, the agents still have not identified a legally protected interest that could be impaired by the litigation between Mr. Biden and the United States. *See SEC v. Prudential Sec. Inc.*, 136 F.3d 153, 156 (D.C. Cir. 1998). The agents cite to perceived potential harm to "their professional lives, reputations, and respective earning potentials" (Joint Opp'n. at 7) and cite to case law that states

"'even a small amount of money is ordinarily an injury.'" *Id.* (citing *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 464 (2017)). Still, the agents have yet to explain how such injuries could occur as a result of *this litigation*. As the district court aptly found, "the IRS agents do not demonstrate that those consequences would flow from the outcome of this lawsuit rather than the underlying conduct in which they allegedly engaged." Order at 25.

The agents cannot and did not establish that they have a legally protected interest that would be impaired by the litigation. Nor did the United States believe they had such an interest when it opposed the agents' bid to intervene. *See* United States' Response in Opposition to Joint Motion to Intervene, DE 29. A successful result for Mr. Biden will not be a judgment against them or require payment or damages from these agents. In fact, as the district court stated, the agents' stated desire—to ensure this litigation does not harm them—would actually be undermined if they became parties bound by the outcome of this case.[3]

Second, the agents failed to explain how the United States cannot adequately represent whatever interests they have in the litigation. *See Prudential Sec. Inc.*, 136 F.3d at 156. As evidence, the agents cite to "the Government's limited motion to

---

[3] "If anything, intervening as defendants in this lawsuit would increase the IRS agents' risk of collateral estoppel in other actions, as any unfavorable ruling in this Court could allow another party to apply defensive nonmutual collateral estoppel against them." Order at 26 n.6.

6

dismiss and its decision not to defend Shapley's and Ziegler's actions in pre-trial filings." Joint Opp'n. at 8. The agents' argument is based on the bizarre notion that the United States will somehow admit that the agents violated the law and thus cause itself liability and damages. But, in its answer to Mr. Biden's Amended Complaint, the United States claims the agents did not violate 26 U.S.C. § 6103. *See* United States' Answer to Amended Complaint, DE 41 at 2 (denying allegation that "Mr. Gary Shapley and Mr. Joseph Ziegler—both personally and by and through their directions to their attorneys…blatantly violated Section 6103 of the Internal Revenue Code by engaging in a campaign to publicly smear Mr. Biden"). This position—that the agents did not violate 26 U.S.C. § 6103—is the exact position the agents seek to assert by intervening. *See* Joint Opp'n. at 6–7.

### III. The District Court Did Not Abuse Its Discretion in Denying The Motion For Permissive Intervention

The agents' argument that the district court "incorrectly concluded that intervention would 'risk confusion of the issues'" (Joint Opp'n. at 9) fails to show that the court below abused its discretion under Rule 24(b). The agents state that "[p]ermitting their intervention would align their defenses with those of the Government and would add no confusion to the required factual analysis of whether they violated 26 U.S.C. § 6103." *Id.* But this statement (1) fails to advance any legal argument as to abuse of discretion and establishes only that the agents disagree

with the district court's conclusion, and (2) actually undermines the agents' claim that the Government cannot adequately represent their interests.

The agents' belief that they now deserve "a seat at the litigation table" between Mr. Biden and the United States has no bearing on whether the district court abused its discretion in denying their request for permissive intervention. *Id.* It is clear from the pleadings and numerous extra-judicial actions by the agents that their goals and strategy would very much confuse the main issues of this case, which the district appropriately found. The district court recognized that "[p]ermissive intervention is an 'inherently discretionary enterprise,' and the court enjoys considerable latitude under Rule 24(b).'" Order at 28 (citing *Sierra Club v. Van Antwerp*, 523 F. Supp. 2d 5, 10 (D.D.C. 2007)). Because the district court did not abuse its discretion—and the agents did not even assert that it did—the denial of the agents' motion for permissive intervention should be summarily affirmed.

## CONCLUSION

Because this is not a case of first impression and the district court did not abuse its discretion in denying the agents' motion to intervene, Mr. Biden requests that this Court summarily affirm the district court's September 27, 2024 Order.

Dated: January 23, 2025                Respectfully submitted,

                                            /s/ *Abbe David Lowell*
                                            Abbe David Lowell

Christopher D. Man
Winston & Strawn LLP
1901 L Street, NW
Washington, DC 20036
Phone: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com
CMan@winston.com

*Counsel for Plaintiff-Appellee
Robert Hunter Biden*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, I certify that this motion complies with the type-volume limitation of Rule 27(d). According to the word-processing system used to prepare this motion, it contains 2,046 words, excluding the parts exempted by Rule 32(f).

/s/ *Abbe David Lowell*
Abbe David Lowell

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2025, I filed this Motion via the Court's CM/ECF filing system, which served a copy on all participants who are registered CM/ECF users.

<u>/s/Abbe David Lowell</u><br>Abbe David Lowell